

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00058-CR
No. 07-19-00059-CR

CHRISTOPHER WASHINGTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court Nos. 73,222-E and 73,435-E, Honorable Douglas R. Woodburn, Presiding

April 21, 2020

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

In March of 2017, Christopher Washington, appellant, pleaded guilty to unauthorized use of a motor vehicle[1] and evading arrest with a motor vehicle.[2] Pursuant to appellant's plea agreement with the State, the trial court deferred making a finding

---

[1] See TEX. PENAL CODE ANN. § 31.07 (West 2016).

[2] See TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West 2016).

regarding appellant's guilt and placed him on community supervision for a period of five years.  *See* TEX. CODE CRIM. PROC. ANN. art. 42A.101 (West 2018).

In the following months, the State filed various motions to revoke appellant's probation or proceed to adjudication.  In January of 2019, the trial court held a hearing on the State's last-filed motion to revoke.  Appellant pleaded "not true" to the alleged violations of the terms of his community supervision.  The trial court found that appellant had violated the terms of his community supervision and sentenced him to serve five years in the Texas Department of Criminal Justice on the evading arrest charge and six months on the unauthorized use of a vehicle charge, to run concurrently.  Appellant timely filed notice of appeal.

In this appeal, counsel for appellant has filed an *Anders*[3] brief in support of a motion to withdraw.  We grant counsel's motion and affirm the judgment of the trial court.

Counsel has certified that she has conducted a conscientious examination of the record and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated.  *Id.*; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, there are no reversible errors in the trial court's judgment.  In a letter to appellant, counsel notified him of her motion to withdraw; provided him with a copy of the motion and *Anders* brief; and informed him of his right to review the record and file a pro se response.  *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations

---

[3] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response. The State has not filed a brief.

By her *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal but, like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our careful review of the appellate record and counsel's brief, we conclude there are no plausible grounds for appellate review.

Therefore, we grant counsel's motion to withdraw and affirm the judgment of the trial court.[4]

Judy C. Parker
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.